**STEVEN B. KILLPACK, Federal Defender (#1808)**
**WENDY M. LEWIS, Assistant Federal Defender (#5993)**
**Utah Federal Defender Office**
**46 West 300 South, Suite 110**
**Salt Lake City, Utah 84101**
**Telephone: (801) 524-4010**

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| | **:** | |
| **UNITED STATES OF AMERICA,** | | |
| | **:** | **DEFENDANT'S SENTENCING** |
| **Plaintiff,** | | **MEMORANDUM** |
| **-vs-** | **:** | |
| | | **Case No. 2:07-CR-902-CW** |
| **AUSTIN TRENTON ALEN** | **:** | |
| | | **Judge Clark Waddoups** |
| **Defendant.** | **:** | |

_____

Defendant, Austin Trenton Allen ("Mr. Allen"), by and through his attorney of record, Wendy M. Lewis, hereby submits the following Sentencing Memorandum. Mr. Allen respectfully moves this Court to exercise its discretion and grant him a variance from his sentencing guideline range of 46-57 months to a sentence of probation. This request is made on the basis that Mr. Allen suffers from an Axis I mental illness, i.e. severe Schizoaffective Disorder and he is considered to be a LOW-MODERATE sexual risk so long as he is compliant with his medication regimen. The facts of this case as set forth below.

### FACTS

As is stated in the Presentence Report, Mr. Allen attempted to meet whom he believed to be a fourteen year old girl, for possible sexual activity. Conversations with the undercover agent began on November 1, 2007, continuing until December 6, 2007 when Mr. Allen made arrangements to meet the agent, posing as a fourteen year old girl, at Rose Park. He was arrested

upon arrival for the meeting.

**ARGUMENT**

1.    **MR. ALLEN'S BEHAVIOR WAS A DIRECT RESULT OF HIS MENTAL ILLNESS.**

Mr. Allen was diagnosed with schizophrenia in 1997 when he was approximately 26 years of age. At that time he was placed on Zyprexa and began counseling. However, as is typical in these situations, he stopped taking his medication sometime in 1999. By the year 2000 he was out of a job and homeless. It was during this period that he had some contact with the criminal justice system which resulted primarily from his attempts to get food and other necessities. After family intervention, Mr. Allen was sent to the Utah State Hospital in 2001 where he became stable.

At the time of this offense Mr. Allen was in treatment, however, shortly after his arrest in this matter there was a change in his medications that improved his condition. Although Mr. Allen told investigators that his illness did not play a part in his offense, Dr. Byrne states in his evaluation of Mr. Allen that this is a typical response from those who are mentally ill.

> Mr. Allen's somewhat disorganized and rigid cognitive presentation during the Clinical interview is consistent with this examiner's prior experience with severely and chronically mentally ill individuals. While he did disclose to law enforcement his mental health status and then stated that his mental illness or medication had nothing to do with the offense behaviors, it is not difficult to get individuals with Mr. Allen's disorder to say things. This examiner wonders to some degree about his mental competency to make such statements at the time he was apprehended for engaging in criminal behavior.

It appears from both Mr. Allen's statement, and a transcript of the chat itself, that Mr. Allen's primary purpose was to pursue a long lasting relationship. Although Mr. Allen admits that sexual contact may have occurred, during the chats he specifically states that he wants to "cuddle" and asks if she would marry him in a few years. Some of the sexual innuendo in the conversation seem to confuse him and he consistently returns to conversations regarding a

long term relationship, including future marriage. These interactions may also be explained in part by his mental illness, and his loss of significant relationships, including the death of his mother, in early life.

## II.     MR. ALLEN PRESENTS A LOW-MODERATE RISK SEXUAL RISK

Mr. Allen was evaluated by Dr. Peter Byrne. Dr. Byrne concluded that Mr. Allen's test dada yielded a low-moderate sexual risk classification so long as he continued on his medications. This result was based upon a number of factors including the Monarch 21 PPG and Affinity 2.5 which indicated that Mr. Allen does not have issues with deviant sexual arousal or interest in the form of targeting children of either gender. The evaluation indicates, that although Mr. Allen should engage in sexual offender treatment, this treatment MUST be tailored to his mental health status. His treatment should in large part help him learn skills and techniques to cope with schizophrenia. This is treatment that can take place outside of a prison setting.

The biggest indicator that Mr. Allen is a low risk to the community is that he has been on pretrial release for over two years. During the course of his pretrial release, Mr. Allen has proven that he is able to comply with his medication and mental health treatment. He has been working and has followed all requirements of his pretrial release to the letter. He has not had unsupervised contact with minors and has had no contact with the criminal justice system during this time. Mr. Allen has already proven to the court that he can be managed in a community setting and that prison is neither necessary nor appropriate given his personal history and medical conditions. If Mr. Allen were to be placed on probation, given his conduct on pretrial release, it is clear that he would be able to follow all and any conditions placed upon him. Mr. Allen would be able to continue in the treatment that he is currently undergoing, and there is sexual offender treatment available in the community at ISAT, Monarch or other similar facilities.

A sentence of probations does comply with the factors set forth in 18 U.S.C. § 3553(a). This sentence does impose a penalty on Mr. Allen. He will be closely supervised and his rights will be restricted during this time. Further, he will be required to register as a sex offender which will have a negative effect on anything that he chooses to do in the future. Being on probation will continue to protect the community, as Mr. Allen will be closely supervised and he will be able to receive treatment that is appropriate to his circumstances. Probation will also act as a deterrence because Mr. Allen will be aware that any further criminal conduct will result in a prison sentence.

**CONCLUSION**

For the reasons stated above, Mr. Allen respectfully requests that this court sentence him below his guideline range of 46-57 months, and imposes a sentence of probation. This sentence would allow Mr. Allen to continue the medical regime that has worked for him while he has been on pretrial release. Further, sexual offender treatment is available to him in the community. Lastly, a sentence of probation still complies with the requirements set out in 18 U.S.C. § 3553(a) while still taking into account the history and characteristics of Mr. Allen.

RESPECTFULLY SUBMITTED this 8th day of July, 2010.

*/s Wendy M. Lewis*

**WENDY M. LEWIS**
**Assistant Federal Defender**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of the Utah Federal Defender Office, and that

a copy of the foregoing Sentencing Memorandum was served electronically on all parties named

below on this 8th day of July, 2010.

> MARK VINCENT
> Assistant United States Attorney
> 185 S. State St., Suite 400
> Salt Lake City, UT  84111

_____ */s/ Christine A. Carlisle*_____